# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARDELL FIELDS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:03-CV-727 CAS |
| v. | ) |
| | ) |
| CHUCK DWYER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of plaintiff's appointed counsel, Mr. Dale M. Weppner, for reimbursement of attorney's fees and expenses incurred in representing plaintiff. Mr. Weppner requests attorney's fees in the amount of $13,294.50 and out-of-pocket expenses in the amount of $1,404.29 from the Eastern District of Missouri's Attorney Admission Fee Non-Appropriated Fund.

**A. Attorney's Fees**.

All applications for disbursement of funds from the Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order of February 24, 2004 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated February 24, 2004 (the "Regulations").

The applicable Regulations provide that the maximum reimbursement for attorney's fees in any one case is two thousand five hundred dollars. See Regulations, ¶ E.2. Mr. Weppner's motion for attorney's fees will therefore be granted in the amount of $2,500.00 dollars.[1]

**B. <u>Expenses</u>.**

Mr. Weppner seeks reimbursement for expenses incurred for depositions and transcripts thereof, investigative services, computer-assisted legal research fees and delivery fees, in the total amount of $1,404.29. Reimbursement of allowable expenses is closely governed by the Regulations. Under the Regulations, the judge to whom the case is assigned is authorized to approve reimbursements for expenses not to exceed $2,500.00. Id., ¶ B. 2. As a threshold matter, requests for reimbursement are to be filed within sixty (60) days after the entry of judgment in a civil case, and "shall be accompanied by sufficient documentation to permit the court to determine that the request is appropriate and reasonable and that the amounts for expenses were actually paid out and the time for fees was actually spent." Id., ¶ C.1.

With the standards of the applicable Regulations in mind, the Court turns to the specific items of expense for which reimbursement is sought.

**1. Deposition Transcripts.**

Counsel seeks reimbursement for deposition transcripts in the total amount of $1,105.05, for four depositions in the amounts of $241.80. $225.14, $283.20 and $260.91. The deposition expenses are properly documented. The Regulations provide,

---

[1] The Court notes that Mr. Weppner's fee request includes significant time expended on appeal (all time entries after April 7, 2005). Those aspects of the fee request must be disallowed. The Regulations provide, "Only those fees and expenses associated with the preparation and trial of a civil action in the United States District Court for the Eastern District of Missouri shall be approved for reimbursement. No fees or costs associated with the preparation or presentation of an appeal to the United States Court of Appeals or the United States Supreme Court shall be reimbursed from the non-appropriated fund." Regulations, § B.3.

> The costs of transcripts or depositions shall not exceed the regular copy rate established by the Judicial Conference of the United States and in effect at the time any transcript or deposition [currently $3.30] was filed unless some other rate was previously approved by order of court. Except as otherwise ordered by the court, only the cost of the original of any transcript or deposition together with the cost of one copy each where needed by counsel will be authorized.

Regulations, ¶ D.2.

The first deposition, in the amount of $241.80, will be allowed but reimbursement will be reduced to $238.35 because the deposition was billed at the rate of $3.35 per page (for 69 pages), and thus exceeds the regular copy rate established by the Judicial Conference of the United States by five cents per page.

The second deposition, in the amount of $225.14, will be allowed but reimbursement will be reduced to $217.54 because the deposition was billed at the rate of $3.50 per page (for 38 pages), and thus exceeds the regular copy rate established by the Judicial Conference of the United States by twenty cents per page.

The third deposition, in the amount of $283.20, will be allowed but reimbursement will be reduced to $260.40 because the deposition was billed at the rate of $3.90 per page (for 38 pages), and thus exceeds the regular copy rate established by the Judicial Conference of the United States by sixty cents per page.

The final deposition, in the amount of $246.14, will be allowed but reimbursement will be reduced to $229.14 because the deposition was billed at the rate of $3.80 per page (for 34 pages), and thus exceeds the regular copy rate established by the Judicial Conference of the United States by fifty cents per page.

The total allowable reimbursement for depositions is $945.43.

**2. Computer Assisted Legal Research**.

Counsel seeks reimbursement for computer assisted legal research from Westlaw in the amount of $210.00. The Regulations provide:

> Expenses related to computer assisted legal research must be accompanied by receipts that show the method of billing and the total time spent using the computerized system. In addition, a statement of the issues researched and an estimate of the amount of time necessary to do the research manually must also be included.

Regulations, ¶ D.7.

This item of expense is properly documented and will be allowed in full.

**3. Investigative Services**.

Counsel seeks reimbursement of investigative services in the amount of $18.72. These consist of a MoBarNet Access Usage Report in the amount of $15.47 and two Accurint itemized charges in the total amount of $3.25, for location of the defendants for service of process. These items of expense are properly documented and will be allowed in full.

**4. Federal Express Expense**.

Counsel seeks reimbursement for a Federal Express expense in the amount of $14.52. Because the documentation shows this expense was incurred on July 12, 2005, almost four months after this case was dismissed, cannot be attributed to preparation or trial of a civil action before this Court, and instead must relate to plaintiff's appeal. As a result, the expense must be disallowed. See Regulations, ¶ B.3.

Accordingly,

**IT IS HEREBY ORDERED** that appointed counsel's motion for reimbursement of attorney's fees and expenses is **GRANTED** in the amount of Three Thousand Six Hundred Seventy-Four Dollars and Fifteen Cents ($3,674.15). [Doc. 88]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall promptly disburse the sum of Three Thousand Six Hundred Seventy-Four Dollars and Fifteen Cents ($3,674.15) from the Attorney Admission Fee Non-Appropriated Fund, payable to:

>Mr. Dale M. Weppner
>Danna McKitrick, P.C.
>150 N. Meramec Avenue
>Fourth Floor
>St. Louis, Missouri 63105

The Court wishes to express its appreciation to Mr. Weppner for his zealous efforts on behalf of the plaintiff.

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of June, 2006.